**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Kenneth Wayne Simpson, Jr.,
Petitioner
-vs-
Charles L. Ryan, et al.,
Respondents.

CV-14-2222-PHX-GMS (JFM)

**Report & Recommendation**
**on Petition for Writ of Habeas Corpus**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at San Luis, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 7, 2014 (Doc. 1).   On January 21, 2015, Respondents filed their Limited Answer (Doc. 6).   Petitioner filed a Reply on February 17, 2015 (Doc. 7).

The Petitioner's Petition is now ripe for consideration.   Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

## A. FACTUAL BACKGROUND

In responding to Petitioner's Petition for Review in his PCR proceedings, the state summarized the facts as follows:

The charges arose when Petitioner and his accomplice, Kevin William Murray, attempted to rob a jewelry store. Petitioner brought a gun into the store and fired at the owner, who returned fire with his own gun. Petitioner's gunfire struck the store owner in the eye though he survived. In his defense, the store owner returned fire and

1

struck Murray, who died shortly thereafter.
(Exhibit DD, PFRev. Resp. at 2.)  (Exhibits to the Answer, Doc. #, are referenced herein as "Exhibit ___.")

## B. PROCEEDINGS AT TRIAL

On December 30, 2008, Petitioner was indicted in Maricopa County Superior Court on charges of attempted armed robbery, attempted second degree murder (related to the shooting of the store employee), weapons misconduct, and first degree murder (related to the death of his accomplice).  (Exhibit A, Indictment.)  On September 8, 2009, Petitioner entered into a written Plea Agreement (Exhibit B), agreeing to plead guilty to the charge of attempted second degree murder and an amended charge of second degree murder, with a stipulation to consecutive, presumptive sentences of 10.5 years and 16 years in prison.  On the same date, Petitioner entered his guilty plea.  (Exhibit C, M.E. 9/8/9.)  On October 9, 2009, Petitioner was sentenced to the agreed upon terms. (Exhibit E, Sentence.)

Petitioner signed a Notice of Rights of Review form indicating that a notice of post-conviction relief had to be filed "within 90 days of the entry of judgment and sentence."  (Exhibit F.)

## C.  PROCEEDINGS ON DIRECT APPEAL

Petitioner did not file a direct appeal.  (Petition, Doc. 1 at 2.)

Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

## D.  PROCEEDINGS ON POST-CONVICTION RELIEF

On January 13, 2010, some 96 days after his sentence, Petitioner filed a Notice of Post-Conviction Relief  (Exhibit G).  On January 28, 2010, the PCR court dismissed the

2

notice as untimely.  (Exhibit H, M.E. 1/28/10.)

Petitioner then filed a Motion to Vacate (Exhibit I) arguing that counsel had been ineffective in failing to file a timely notice, that the prison mailbox rule applied, and that the limits in the prison system caused any delay.  The state was directed to respond (Exhibit J, M.E. 3/3/10), and did (Exhibit K).  Petitioner then filed a Motion to Appoint Counsel (Exhibit L), and Motion to Extend the time to reply (Exhibit M), and subsequently sent a letter (Exhibit N) inquiring about his case.

On August 16, 2011, the PCR court vacated the dismissal (without rejecting its timeliness analysis), appointed counsel and set a briefing schedule.  (Exhibit O, ME. 8/16/11.)   Counsel eventually filed a Notice of Completion of Review (Exhibit P) evidencing an inability to find an issue for review.  Counsel was directed to remain in an advisory capacity, and Petitioner was given a deadline to file a *pro per* PCR petition. (Exhibit Q, M.E. 4/9/12.)

On May 25, 2012, Petitioner filed his *Pro Per* Petition for Post-Conviction Relief (Exhibit S) arguing claims of ineffective assistance of counsel based on: (1) failure to negotiate concurrent sentences; (2) failure to investigate mitigation evidence or present it at sentencing; and (3) failure to present a defense.  In response, the state conceded that upon application of the prison mailbox rule the PCR notice was timely, but that the claims were without merit.  (Exhibit U, PCR Resp.)   Petitioner replied (Exhibit Y) arguing the merits of his claims.

On September 12, 2012, the PCR court found the claims to not be colorable, and dismissed the Petition. (Exhibit Z , M.E. 9/12/12.)

Petitioner sought review from the Arizona Court of Appeals (Exhibit CC) again asserting essentially the same claims.  That court granted review but denied relief in a decision filed March 3, 2014 (Exhibit FF).  The court found that Petitioner had failed to show how counsel could have negotiated a more favorably plea, and that Petitioner had waived his claims by pleading guilty, and had not asserted to the PCR court that his plea was rendered involuntary by counsel's conduct.

Petitioner did not seek further review, and the appellate court's mandate issued May 5, 2014.  (Exhibit GG.)

**E.  PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 7, 2014 (Doc.1).  Petitioner's Petition asserts the following two grounds for relief:

1.  Ineffective assistance of counsel re mental health evidence; and

2.  Ineffective assistance of counsel re failure to investigate.

**Response** - On January 21, 2015, Respondents filed their Response ("Answer") (Doc. 6).  Respondents argue that Petitioner failed to fairly present either claim to the Arizona Court of Appeals and his state remedies are now procedurally defaulted. Respondents further argue that Petitioner waived his claims by pleading guilty.

**Reply** - On February 17, 2015, Petitioner filed a Reply (Doc. 7).  Petitioner argues the standards for habeas relief from a state court judgment, the reasonable probability standard  applicable to the prejudice prong of the ineffective assistance standard.  Petitioner argues the merits of his claims, and asserts that the state courts have refused to hold evidentiary hearings on the claims.

### III. APPLICATION OF LAW TO FACTS

**A.  EXHAUSTION & PROCEDURAL DEFAULT**

Respondents argue that Petitioner's state remedies on his claims are procedurally defaulted, and thus are barred from federal habeas review.

**1. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been

4

codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim.  *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32."  *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court.  *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).  "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'"  *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

## 2.  Procedural Default

Ordinarily, unexhausted claims are dismissed without prejudice.  *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available state remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief.  Dismissal with prejudice of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts.  Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time limit bar, set out in Ariz. R. Crim. P.  32.4.  (Answer, Doc. 6 at 13.)

**Remedies by Direct Appeal** - As a pleading defendant, Petitioner had no right to

file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).  Moreover, under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Accordingly, direct appeal is not available for review of Petitioner's unexhausted claims.

**Remedies by Post-Conviction Relief** – Under Arizona's preclusion, waiver and timeliness bars, Petitioner can no longer seek review by a subsequent PCR Petition.

Preclusion Bar – Under the rules applicable to Arizona's post-conviction process, a claim may not be brought in a petition for post-conviction relief if the claim was "[f]inally adjudicated on the merits on appeal or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(2).

Waiver Bar - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding."   Ariz.R.Crim.P. 32.2(a)(3).   Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). *But see State v.* Diaz, 236 Ariz. 361, 340 P.3d 1069 (2014) (failure of PCR counsel, without fault by petitioner, to file timely petition in prior PCR proceedings did not amount to waiver of claims of ineffective assistance of trial counsel).

For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." Id.  That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes*, 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007).  Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a

personal waiver.  202 Ariz. at 450, 46 P.3d at 1071.   Claims based upon ineffective assistance of counsel are determined by looking at "the nature of the right allegedly affected by counsel's ineffective performance.  *Id*.

Here, none of Petitioner's claims are of the sort requiring a personal waiver, and Petitioner's claims of ineffective assistance have at their core the kinds of claims not within the types identified as requiring a personal waiver.

Timeliness Bar - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars.  Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later."  *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule).   That time has long since passed.

Exceptions - Rules 32.2 and  32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). See Ariz. R. Crim. P.  32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P.  32.4(a) (exceptions to timeliness bar).  Petitioner has not asserted that any of these exceptions are applicable to his claims.   Nor does it appears that such exceptions would apply.  The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
>> (1) The newly discovered material facts were discovered after the trial.
>> (2) The defendant exercised due diligence in securing the newly discovered material facts.
>> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction

7

relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or

g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or

h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Petitioner asserts no newly discovered evidence, and paragraph (e) has no application. Paragraph (f) has no application where the petitioner filed a timely of-right notice of post-conviction relief. Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding. Finally, paragraph (h), concerning claims of actual innocence, has no application to the procedural claims Petitioner asserts in this proceeding.

Therefore, none of the exceptions apply, and Arizona's time and waiver bars would prevent Petitioner from returning to state court. Thus, Petitioner's claims that were not fairly presented are all now procedurally defaulted.

**3.  Procedural Bar on Independent and Adequate State Grounds**

Related to the concept of procedural default is the principle of barring claims actually disposed of by the state courts on state grounds. "[A]bsent showings of 'cause' and 'prejudice,' federal habeas relief will be unavailable when (1) 'a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.' " *Walker v. Martin*, - - - U.S. - - -, 131 S.Ct. 1120, 1127 (2011).

/ /

/ /

**4. Application to Petitioner's Claims**

    **Ground One – IAC re Competency** - In Ground One of his Petition, Petitioner argues that trial counsel was ineffective for failing to investigate and raise Petitioner's mental health issues and to seek a competency evaluation "before continuing with any criminal court proceedings." (Petition, Doc. 1 at 6.)  Respondents cast this claim as merely a failure to investigate Petitioner's mental health, and argue this claim was never raised to the Arizona Court of Appeals.  Petitioner does not address this issue in his Reply.

    Petitioner's only foray to the Arizona Court of Appeals was in his Petition for Review (Exhibit CC) in his PCR proceeding.  In that proceeding, Petitioner raised claims of ineffective assistance under the Sixth and 14th Amendments of the United States. (*Id.* at 1.)  However, the only defective performance by counsel argued by Petitioner related to counsel's failure to: (1) negotiate or advocate for concurrent sentences; (2) investigate mitigating evidence or to present it at sentencing; and (3) subject the state's case to meaningful adversarial testing. (*Id.* at 6.)

    Contrary to Respondents' characterization, the plain import of Petitioner's claim is not simply a failure to investigate, but particularly a failure to investigate and pursue an assertion of incompetence to stand trial.

    Petitioner made no argument to the state courts that he was incompetent to stand trial, and that counsel was ineffective for failing to pursue that issue.  At most, Petitioner argued that one of the items of mitigation that could have been introduced at sentencing were his mental health issues. (Exhibit CC, PFRev. at 10.)  Those two claims are fundamentally different.  A claim of incompetency to stand trial is based upon the mental condition of the defendant at the time of trial, and requires a showing of a relatively high degree of impairment.  *See Dusky v. United States*, 362 U.S. 402 (1960) (*per curiam*) (internal quotations omitted).  In contrast, the issue at sentencing would primarily have been Petitioner's mental health at the time of the offense, and could have included virtually any mental health issue.  *See State v. Prince*, 226 Ariz. 516, 542, 250 P.3d

1145, 1171 (2011) (discussing consideration of mental health as statutory mitigating factor and non-statutory factor).

Although a federal habeas petitioner may reformulate somewhat the claims made in state court, *Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir. 1986), *rev'd in part on other grounds by Duncan v. Henry*, 513 U.S. 364 1995), the substance of the federal claim must have been "fairly presented" in state court.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*); *Picard v. Connor*, 404 U.S. 270, 278 (1971); *Tamapua*, 796 F.2d at 262.  Thus, a petitioner may not broaden the scope of a constitutional claim in the federal courts by asserting additional operative facts that have not yet been fairly presented to the state courts.  Expanded claims not presented in the highest state court are not considered in a federal habeas petition.  *Brown v. Easter*, 68 F.3d 1209 (9th Cir. 1995); see also, *Pappageorge v. Sumner*, 688 F.2d 1294 (9th Cir. 1982), *cert. denied*, 459 U.S. 1219 (1983).  Thus, while new factual allegations do not ordinarily render a claim unexhausted, a petitioner may not "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). *See also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir.1994).

Here, Petitioner's legal theories were the same:  trial counsel was ineffective.  But the facts on which he relies are sharply different because the underlying legal theories which Plaintiff contends counsel should have pursued are distinct.  They are focused on Petitioner's mental status at different times, for different purposes, and subject to different standards.

Thus, despite the similarities between the claims, the claim Petitioner presents in Ground One is fundamentally different from the one he asserted to the Arizona Court of Appeals.

Accordingly, the undersigned concludes that Petitioner did not fairly present his claim in Ground One, and for the reasons discussed hereinabove, Petitioner's state remedies on this claim are now procedurally defaulted.

**Ground Two – IAC re Investigation** - In Ground Two, Petitioner argues that

10

counsel was ineffective for failing to adequately investigate before advising Petitioner to plead guilty by seeking the appointment of an investigator.  (Petition, Doc. 1 at 7.) Respondents argue that this claim was not presented to the Arizona Court of Appeals. Petitioner does not reply.

Petitioner argued to the Arizona Court of Appeals that trial counsel "did no investigation and expended no effort for purposes of plea negotiations and sentencing," and that Petitioner was prejudiced because "overwhelming mitigation evidence was present" and the plea agreement "blocked the witnesses and evidence" and "pro-scribed the ability of the court to deviate from the sentences that were fixed."  (Exhibit CC, PFRev. at 8-9.)

While this claim includes a failure to investigate preparatory to advising Petitioner to plead guilty, the plain import of Petitioner's claim to the Arizona Court of Appeals was that the available evidence related to mitigation of the sentence.  In contrast, Petitioner's current claim is that the deficient performance was counsel's failure to retain an investigator to investigate "the case," a far broader claim.  (Petition, Doc. 1 at 7.)  To the extent that the current claim encompasses the potential for mitigation evidence in the absence of a stipulated sentence, Petitioner fairly presented his claim in Ground Two to the Arizona Court of Appeals.  To the extent that Petitioner intends his current Ground Two to go beyond the mitigation evidence, Petitioner has not fairly presented this claim to the Arizona Court of Appeals.

Nonetheless, even the portion of Ground Two presented to the Arizona Court of Appeals was, at least partially, not *fairly* presented to the Arizona Court of Appeals because it had not been presented to the PCR court..  As noted by Respondents, the Arizona Court of Appeals rejected any claim that Petitioner's plea was rendered involuntary on the basis that Petitioner had not asserted such involuntariness at trial. (Answer, Doc. 6 at 13, n. 6 (citing Exhibit FF, Opinion at 3).)[1]

_____

[1] Arguably this amounted to disposal of the claim on an independent and adequate state ground.  However, beyond their footnote, Respondents do not explicitly assert such a defense in their argument, and Petitioner has thus not had a fair opportunity to reply.

Indeed, presentation to the Arizona Court of Appeals for the first time is not sufficient to exhaust an Arizona state prisoner's remedies.   "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."   *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).   In *Casey v. Moore*, 386 F.3d 896 (9th Cir. 2004), the court reiterated that to properly exhaust a claim, "a petitioner must properly raise it on every level of direct review." *Id.* at 916.

> Academic treatment accords: The leading treatise on federal habeas corpus states, "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state."

*Id.* (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (4th ed. 1998) (emphasis added)).

In Arizona, review of a petition for post-conviction relief by the Arizona Court of Appeals is governed by Rule 32.9, Arizona Rules of Criminal Procedure, which clarifies that review is available for "issues which were decided by the trial court."   Ariz. R. Crim. P.  32.9(c)(1)(ii).  *See also State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (Ariz.App., 1980) (issues first presented in petition for review and not presented to trial court not subject to review).

Thus, the portion of Petitioner's Ground Two based on failure to investigate mitigation evidence that might be construed to assert an involuntary plea was not fairly presented to the Arizona Court of Appeals because he had not asserted to the PCR Court that his plea was rendered involuntary.

**<u>Summary Re Exhaustion and Procedural Default</u>** – Based upon the foregoing, the undersigned concludes that Petitioner properly exhausted his remedies on the portion of Ground Two's claim of ineffective assistance of counsel based upon trial

---

Accordingly, the undersigned does not address the matter as an application of a state procedural bar, but as a failure to fairly present the claim.

12

counsel's failure to investigate the potential for mitigation evidence in the absence of a stipulated sentence and resulting advice to Petitioner to plead guilty, at least to the extent that it does not rely upon the assertion of an involuntary plea.

Also based on the foregoing, the undersigned concludes that Petitioner has procedurally defaulted on: (1) all of Ground One; and (2) the balance of Ground Two.

## 5. Cause and Prejudice

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting Reed, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990).  The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Petitioner makes no argument of cause to excuse his procedural defaults. Although both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).  Because Petitioner has filed to establish cause for his procedural default, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

13

**6. Actual Innocence as Cause**

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.* §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show that no reasonable juror would have found the defendant guilty. *Id.* at 329.

Here, Petitioner makes no assertion of his actual innocence. Accordingly, his procedurally defaulted and procedurally barred claims must be dismissed with prejudice.

**B. MERITS OF GROUND TWO – INVESTGATION OF MITIGATION**

In the properly exhausted portion of Ground Two, Petitioner asserts a claim of ineffective assistance of counsel based upon trial counsel's failure to investigate the potential for mitigation evidence in the absence of a stipulated sentence and resulting advice to Petitioner to plead guilty, but not based upon any assertion that the plea was rendered involuntary (such a claim having been procedurally defaulted as discussed

hereinabove).

Respondents argue that Petitioner's guilty plea was a waiver of any pre-plea defects not related to the voluntariness of the plea.[2]   Petitioner does not address this assertion.

Respondents are correct that Petitioner's claim is barred from habeas review because of his guilty plea.

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [the range of competence demanded of attorneys in criminal cases].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).[3]

Thus, the only portion of Ground Two fairly presented to the Arizona Court of Appeals – that portion not asserting an involuntary plea – is barred from habeas review by entry of Petitioner's guilty plea.[4]

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a

---

[2] The Supreme Court has clarified that the bar on habeas attacks after a guilty plea are not a matter of "waiver."  *See U.S. v. Broce*, 488 U.S. 563, 573-574 (1989).  In this case, however, the outcome is the same - the claims are barred from habeas review – and the difference is largely a simple misnomer.

[3] There are limited exceptions to the bar on pre-plea defects, *e.g.* prosecutorial vindictiveness on retrial and facial double-jeopardy violations.  *See Broce*, 488 U.S. at 574-576.  Those exceptions do not apply here.

[4] Although claims based on such pre-plea defects are barred from collateral attack, Petitioner's of-right PCR petition was functionally a form of direct appeal, *see State v. Ward,* 211 Ariz. 158, 162, 118 P.3d 1122, 1126 (Ariz.App. Div. 1,2005),  which may explain why the Arizona Court of Appeals proceeded to address the claims of ineffective assistance without a valid assertion of involuntariness.   Nonetheless, this habeas proceeding is a collateral attack, and the bar applies.

proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on the merits and in part on procedural grounds.

To the extent that the claims are disposed of on procedural grounds, under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in it procedural ruling.

To the extent that the claims are disposed of on the merits, under the reasoning set forth herein, the constitutional claims are plainly without merit.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the portion of Ground Two of Petitioner's Petition for Writ of Habeas Corpus, filed October 7, 2014 (Doc. 1) asserting ineffective assistance of counsel based upon trial counsel's failure to investigate the potential for mitigation evidence in the absence of a stipulated sentence and resulting advice to Petitioner to plead guilty, but not based upon any assertion that the plea was rendered involuntary, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the remainder of Petitioner's Petition for Writ of Habeas Corpus, filed October 7, 2014 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-

47 (9th Cir. 2007).

Dated: April 30, 2015

14-2222r RR 15 04 24 on HC.docx

James F. Metcalf
United States Magistrate Judge