1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kenneth Wayne Simpson, | No. CV-14-02222-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court are Kenneth Wayne Simpson's Petition for Writ of Habeas Corpus (Doc. 1) and United States Magistrate Judge James F. Metcalf's Report and Recommendation ("R&R"), which recommends dismissal of the Petition. (Doc. 8.) Because Mr. Simpson filed timely objections to the R&R (Doc. 9), the Court will review the portions of the R&R to which Mr. Simpson has objected de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b); Fed. R. Civ. P. 72.

In December 2008, Mr. Simpson was indicted in Maricopa County Superior Court on charges arising from his attempted robbery of a jewelry store. On September 8, 2009, he entered a plea of guilty pursuant to a written plea agreement. As a pleading Defendant, Mr. Simpson had no right to file a direct appeal. Mr. Simpson unsuccessfully sought relief through post-conviction proceedings in state court, and commenced the instant

action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 7, 2014. (Doc. 1.) The grounds for his Petition are that his state trial counsel was ineffective by not presenting evidence of Mr. Simpson's mental health and for failing to investigate potential mitigating factors before advising him to plead guilty. (*Id.* at 6–7.) Judge Metcalf issued an R&R on April 30, 2015 in which he found Mr. Simpson's claims procedurally defaulted or barred by the entry of his guilty plea, and recommended denial of the Petition with prejudice. (Doc. 8.)

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Review of petitions for habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.* § 2244 *et seq*. Under AEDPA, the Court may not grant habeas relief unless the petitioner has exhausted his claim in state court. *Id.* § 2254(b)(1)(A). A claim is exhausted when the highest state court has had a fair opportunity to rule on it, either on direct appeal or through the post-conviction process; this includes courts with jurisdiction to conduct a discretionary review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). A state petitioner seeking habeas corpus may not rely on different factual grounds in federal court that fundamentally alter the legal basis of his claim. *Vasquez v. Hillery*, 474 U.S. 254, 257–60 (1986).

Procedural default occurs when a petitioner has not exhausted a federal habeas claim by first presenting the subject of the claim in state court, and is now barred from doing so by the state's procedural rules (including rules regarding waiver and preclusion). *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In the event of procedural default, habeas review is foreclosed absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Reed v. Ross*, 468 U.S. 1, 11 (1984). To prove a fundamental miscarriage of justice, petitioner must make a factual showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 322–23 (1995).

Mr. Simpson first objects to the R&R on the grounds that he did not consent to a Magistrate Judge reviewing his Petition. (Doc. 9 at 1–2.) Pursuant to Local Rules of Civil

Procedure 3.7(e) and 72.1–2, all petitions for habeas corpus are assigned to a District Judge and randomly referred to a Magistrate Judge for an R&R. Because the case has always been assigned to this Court, and it is this Court that makes the ultimate determination on the Petition, Mr. Simpson's consent was never required.

Mr. Simpson's second objection is a restatement of the first ineffective assistance of counsel claim in his Petition, relating to his attorney's alleged failure to present evidence of Mr. Simpson's mental health issues to the trial court and to seek a competency evaluation. As the R&R correctly explains, Mr. Simpson's claim is barred because Petitioner did not first present the claim in state court before raising it in his § 2254 Petition. Although Mr. Simpson brought claims of ineffective assistance of counsel before the Arizona Court of Appeals, his arguments in that proceeding were predicated on counsel's purportedly deficient conduct relating to Mr. Simpson's sentencing and in failing to "subject[] the government's case to meaningful adversarial testing." (*See* Doc. 6, Ex. CC.) The factual and theoretical bases of those claims are distinct from what Mr. Simpson now attempts to raise in the Petition, even though both are stylized as claims for ineffective assistance of counsel. Accordingly, because Mr. Simpson did not fairly present his claim to the state court before raising it here, any remedies are procedurally defaulted at this juncture. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982). Mr. Simpson has made no argument to excuse his procedural default, nor asserted that he is actually innocent. For these reasons,

**IT IS THEREFORE ORDERED** that Judge Metcalf's R&R (Doc. 8) is **ACCEPTED** and Mr. Simpson's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED AND DENIED** with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Mr. Simpson files an appeal the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 10th day of July, 2015.

_____
Honorable G. Murray Snow
United States District Judge